Pearson, J.
 

 The allegation that the petitioner “ is settled upon the land,” brings the case within the words of the Statute, but unfortunately for the petitioner, this allegation is not sustained by the proof. It is a tract of swamp land, and the petitioner has his cattle upon it; but there is no fence around it, and it is a range for the cattle of other persons as well as those of the petitioner. He does not live upon it or cultivate any part of it, or use it except as a range for his cattle. Tin’s does not sustain the allegation that he is
 
 “
 
 settled upon it.” As is said in
 
 Lea
 
 v.
 
 Johnston,
 
 9 Ire. Rep. 15, “ the case, therefore, does not come within the words of the Act, and if we depart from the words, there is no;stopping short of an unlimited discretion, by which the land of one man may be taken for the use of another. To authorise this, there should be a plain expression of the legislative will. In the absence of such provision, individuals must be left to depend upon the courtesy of good neighborship or the acquisition, by grant, of the right of private ways.”
 

 The doctrine of a right of way of
 
 necessity,
 
 as laid down in
 
 Hetfield
 
 v.
 
 Baum,
 
 13 Ire. 395, is not applicable to this case. There is no error.
 

 Per Curiam.
 

 Judgment affirmed.